<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MAMDOUH HUSSEIN, | |
| Plaintiff, | |
| v. | Civ. No.  09-1291 (DRD) |
| STATE OF NEW JERSEY, et. al., | **O P I N I O N** |
| Defendants. | |

*Appearances by:*

MAMDOUH HUSSEIN
P.O. Box 16470
Jersey City, NJ 07306

    *Pro se Plaintiff,*

OFFICE OF THE ATTORNEY GENERAL
DIVISION OF LAW
by:  Deputy Attorney General Jill Heather Powers, Esq.
25 Market Street
P.O. Box 112
Trenton, NJ 08625

    *Attorney for Defendants, State of New Jersey and Jon Corzine.*


<u>**DEBEVOISE, Senior District Judge**</u>

    The dispute underlying this case arose from several incidents, occurring over a period of

years, during which Joseph Marrero, the superintendant of the building where Mamdouh Hussein

resides, allegedly assaulted him on multiple occasions.  Hussein and Marrero brought a series of

charges and suits against one another, which resulted in two landlord-tenant cases and two

criminal cases.  Generally, Hussein alleges that the police, prosecutors and his landlords failed to

protect him from Marrero's physical attacks, and that the prosecutors failed in various manners

to properly prosecute his criminal charges against Marrero.   More specifically, the Amended

Complaint alleges against all defendants various 42 U.S.C. § 1983 claims for excess force and

violations of the Fifth, Seventh and Fourteenth Amendments; assault and battery, negligence,

and violation of Title VII of the Civil Rights Act of 1964.   Additionally, the Amended Complaint

alleges claims for negligent hiring and supervision against the landlords.   Hussein is seeking

compensatory damages for medical expenses, injuries and emotional distress. Two defendants,

the State of New Jersey and Governor Jon S. Corzine ("State Defendants"), brought the present

motion to dismiss Hussein's pro se Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for

failure to state a claim.   The issue presented by this motion is whether Hussein has properly

alleged any claims against the State Defendants.   Since the State Defendants are entitled to

sovereign immunity from suit in federal court, and Hussein has not alleged facts sufficient to

give rise to an inference that the State Defendants are liable to him in any respect, the Court will

grant the State Defendants' motion and dismiss the claims against them.

## I.   BACKGROUND

On March 20, 2009, Hussein filed a pro se Complaint and application to proceed in forma

pauperis ("IFP").  By Order dated March 25, 2009, the Court granted Hussein's application and

ordered the clerk to file the Complaint and issue summons.  On July 24, 2009, Hussein moved to

file an amended complaint, and the Court granted the motion.  On August 5, 2009, Hussein filed

an Amended Complaint.  The Amended Complaint names as defendants the State of New Jersey;

Jon Corzine; Mayor J. Healy; the Jersey City Police Department; the City of Jersey City; the

Municipal Prosecutor; the County Prosecutor; Lisa Ledoux,[1] the Assistant County Prosecutor, in

her official capacity and all successors; and Anita Payne, Robert Payne, and Lolita Realty Co.

---

[1] The Complaint incorrectly spelled Ledoux's name as "Ledeaux."

("Landlord Defendants").  The Amended Complaint alleges seven counts:  (1) against all defendants for excessive force under 42 U.S.C. § 1983 (Am. Compl. ¶ 4.); (2) and (3) against all defendants for violations of the Fifth, Seventh and Fourteenth Amendments under § 1983 (Id. ¶ 5.); (4) against all defendants for assault and battery (Id. ¶ 6); (5) against all defendants for negligence, gross negligence, and negligence per se (Id. ¶ 7.); (6) against the Landlord Defendants for negligent hiring and continued employment of Marrero; and (7) against all defendants for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq. Hussein requests compensatory damages for medical expenses, injuries and emotional distress. The State Defendants filed the present motion to dismiss the Amended Complaint on October 23, 2009.  The Court held oral argument on the motion on December 7, 2009.

The following are the allegations of the Amended Complaint, which are, for the purpose of this motion only, accepted as true and construed in the light most favorable to Hussein. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  Generally, Hussein alleges that the police, prosecutors, and landlords failed to protect Hussein from Marrero.   (Id. ¶ 11.)

On June 24, 2006, Hussein was hospitalized for life-threatening injuries after Marrero attacked him with a screw-driver.  (Id. ¶ 20(a); Compl.[2] ¶ 5(a))  The hospital bill cost $7,500.00. (Am. Compl. ¶ 20(b).)  He spent two days in the intensive care unit of the Medical Center. (Compl. ¶ 5(a).)

Marrero caused criminal charges to be filed against Hussein in the Jersey City Municipal Court in June, 2006, by stating that during the June 24, 2006 incident, Hussein had actually

---

[2] When Hussein submitted the Amended Complaint, he included the original Complaint as an attachment.  Therefore, the Court will consider the allegations in the Complaint as a part of the Amended Complaint, but will refer to the paragraphs in the original Complaint as such to avoid confusion when Court references the numbering of the paragraphs.

assaulted him.  Hussein claims that the court dismissed the case, State v. Hussein, #1305909-06.

(Compl. ¶ 8.)  In August 2006, Marrero re-filed case and then dismissed it and filed it again in

September 2006.  While that case was proceeding, Marrero seriously injured Hussein two times.

(Am. Compl. ¶ 13.)  Hussein alleges that Marrero filed the cases to blackmail and intimidate

Hussein, and that Marrero and the Municipal Prosecutor asked other tenants of the building to lie

about having observed the June 24, 2006 incident.  (Compl. ¶ 8.)  The Superior Court eventually

dismissed the case on July 9, 2008.

Marrero assaulted Hussein again on July 1 and 5, 2006.  (Compl. ¶ 5(c).)  On April 17,

2007 Hussein suffered broken ribs during another attack by Marrero.  (Id. ¶ 20(b).)  The hospital

bill cost $2,500.00.  (Id.)  On July 19, 2006, the Landlord Defendants filed a landlord-tenant case

against Hussein, Lolita Realty v. Hussein, Case # LT-11445-06, in the Superior Court of New

Jersey, Law Division, Special Civil Part, Hudson County, claiming that Hussein should be

evicted because he had assaulted the Superintendent on June 24, 2006.  That case was dismissed

by the landlord's attorney on August 15, 2006.

On April 4, 2007, the Landlord Defendants filed another landlord-tenant case against

Hussein, Robert Payne v. Hussein, Case # LT-3626-07 in the Superior Court of New Jersey, Law

Division, Special Civil Part, Hudson County, claiming that Hussein owed a small sum of money.

That case was dismissed on March 6, 2007.

On November 22, 2007, Marrero entered Hussein's apartment at 3:00 a.m. and opened

his bedroom door to attack him.  (Id. ¶ 20(c).)  Marrero broke Hussein's nose and his nasal bone

was pushed out of place, causing a permanent deformity.  (Compl. ¶ 5(f).)  The attack left his

room and clothing covered in blood.  (Am. Compl. ¶ 20(c).)  The hospital bill cost $5,000.00 and

the hospital informed Hussein that the injuries he sustained that night would require three

4

operations, at a cost of $50,000.00.  (<u>Id.</u>)  Marrero was never arrested for these attacks and the Landlords never fired him.  (<u>Id.</u> ¶ 20(c); Compl. ¶ 5(e).)  Hussein also alleges that Marrero periodically cut the wires for the electricity and cable television service in his apartment.

Hussein brought criminal charges against Marrero, which were presented before a Grand Jury by Ledoux.  The Complaint does not allege, and the Court is unaware, of the disposition or any other details about that case.  Hussein claims that Ledoux refused to present evidence from the police and hospital before the Grand Jury.  (<u>Id.</u> ¶ 17, 20.)

## II. DISCUSSION

The State Defendants argue that the § 1983 claims should be dismissed because both the State and Corzine are entitled to sovereign immunity, neither the state nor Governor Corzine fall within the category of a "person" subject to suit under § 1983, the Amended Complaint fails to allege any personal involvement on the part of Corzine in the alleged deprivation of Hussein's rights.  The State Defendants request that the Court dismiss the Title VII claims because they lack any basis in fact, and the state tort claims because Hussein failed to comply with the notice provisions of the New Jersey Tort Claims Act.

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for failure to state a claim upon which relief can be granted.  When considering a motion under Rule 12(b)(6), the court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  The court's inquiry "is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims."  <u>In re Rockefeller Ctr. Prop., Inc.</u>, 311 F.3d 198, 215 (3d Cir. 2002).

The Supreme Court recently clarified the standard for a motion to dismiss under Rule 12(b)(6) in two cases: Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  The decisions in those cases abrogated the rule established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief."  In contrast, the Court in Bell Atlantic held that "[f]actual allegations must be enough to raise a right to relief above the speculative level."  550 U.S. at 545.  The assertions in the complaint must be enough to "state a claim to relief that is plausible on its face," id. at 570, meaning that the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the conduct alleged."  Iqbal, 129 S. Ct. at 1949; see also, Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008) (in order to survive a motion to dismiss, the factual allegations in a complaint must "raise a reasonable expectation that discovery will reveal evidence of the necessary element," thereby justifying the advancement of "the case beyond the pleadings to the next stage of litigation.").

When assessing the sufficiency of a complaint, the court must distinguish factual contentions – which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted – from "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  Iqbal, 129 S. Ct. at 1949.  Although for the purposes of a motion to dismiss the court must assume the veracity of the facts asserted in the complaint, it is "not bound to accept as true a legal conclusion couched as a factual allegation."  Id. at 1950.  Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  Id.

6

The Court will grant the State Defendants' motion to dismiss the Amended Complaint because on all seven counts the State Defendants are entitled to sovereign immunity from suit in federal court; and additionally, on Count One, Two, and Three because the Amended Complaint alleges no personal involvement on the part of Governor Corzine; on Counts Four and Five for assault and negligence and Count Seven for Title VII because all three claims are unsupported by any facts.[3]

Based on the doctrine of sovereign immunity, states cannot be sued in federal court, unless Congress has abrogated that immunity or the State has waived it.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989).  Immunity also extends to state agents, like Governor Corzine, when the "action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to sovereign immunity from suit even though individual officials are nominal defendants."  Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 431 (1997).  Here, the action against Corzine is essentially one against the state, since Corzine is alleged to have acted in his official capacity.  See Davis v. New York, 316 F.3d 93, 101 (2d Cir. 2002).  Further, there is no indication here that either abrogation or waiver is applicable to Hussein's claims.  Therefore, sovereign immunity works to bar both the federal and state law claims in this suit against Corzine and the State of New Jersey.  Title 28 U.S.C. § 1915(e)(2)(B)(iii) requires this Court to dismiss the claims if they "seek[] monetary relief from a defendant who is immune from such relief."

Beyond sovereign immunity, the § 1983 claims—Counts One, Two and Three—are invalid against the State of New Jersey and Corzine for two more reasons.  First, neither the State

---

[3] The Court does not address Count Six because that Count is a claim against only the Landlord Defendants.

nor Corzine, in his official capacity, are "persons" under § 1983.  See Quern v. Jordan, 440 U.S.

332, 345 (1979) ("[A] state is not a 'person' for purposes of 42 U.S.C. § 1983."); Hafer v. Melo,

502 U.S. 21, 25 (1991) ("Suits against state officials in their official capacity…should be treated

as suits against the state.").

Second, even if Hussein is suing Corzine in his personal capacity, the suit must fail,

because the Amended Complaint has failed to allege any personal involvement by Corzine.  "A

defendant in a civil rights action must have personal involvement in the alleged wrongs; liability

cannot be predicated solely upon the operation of respondeat superior.  Rode v. Dellarciprete,

845 F.2d 1195, 1207 (3d Cir. 1988).  A plaintiff must show a defendant's personal involvement,

through "allegations of personal direction or actual knowledge and acquiescence."  Id.   Absent

direct involvement, a plaintiff can hold a supervisor liable for failure to train or supervise if the

supervisor has shown deliberate indifference to the plight of the person involved.  Carter v. City

of Philadelphia, 181 F.3d  339, 357 (3d Cir. 1999).  Hussein does not allege any facts giving rise

to an inference that Corzine had any form of personal knowledge or in any way acquiesced in

any of the wrongs about which Hussein complains.   Counts One, Two, and Three must be

dismissed.

Counts Four and Five, which allege against all defendants assault, battery, negligence,

gross negligence, and negligence per se, must be dismissed because the State Defendants are

immune from suit, and because those claims find no basis in the factual allegations presented to

the Court.  Moreover, the Court has no indication that Hussein complied with the notice

provisions in the New Jersey Tort Claims Act, N.J. Stat. Ann. § 59:8-3, which states that "[n]o

action shall be brought against a public entity or public employee under this act unless the claim

upon which it is based shall have been presented in accordance with the procedure set forth in this chapter."

Finally, Count Seven, which alleges that all the defendants violated Title VII, is similarly barred based on sovereign immunity and also fails to state a claim as to the State Defendants. Title VII prohibits discrimination by employers against employees on the basis of race, color, religion, sex, and national origin.  It is simply inapplicable here.  Hussein was not employed by the State of New Jersey or Corzine.

### III.  CONCLUSION

For the foregoing reasons, all the claims against the State of New Jersey and Governor Corzine in the Second Amended Complaint are dismissed with prejudice.  The Court will enter an order implementing this opinion.

_____**s/ Dickinson R. Debevoise**_____

DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: January 26, 2010