<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MAMDOUH HUSSEIN,<br><br>      Plaintiff,<br><br>v.<br><br>STATE OF NEW JERSEY, et. al.,<br><br>      Defendants. | Civ. No. 09-1291 (DRD)<br><br><u>**O P I N I O N**</u> |

*Appearances by:*

MAMDOUH HUSSEIN
P.O. Box 16470
Jersey City, NJ 07306

    *Pro se Plaintiff,*

Gebhardt & Kiefer, PC
by: Richard P. Cushing, Esq.
1318 Route 31
P.O. Box 4001
Clinton, NJ 0889-4001

    *Attorney for Defendants, County Prosecutor and Lisa Ledoux.*

<u>**DEBEVOISE, Senior District Judge**</u>

    The <u>pro</u> <u>se</u> Plaintiff, Mamdouh Hussein, moves for the correction of motion hearing transcripts from December 7, 2009, and March 1, 2010. On the relevant dates, the Court held oral argument on the motions to dismiss filed by two groups of defendants. Hussein asserts that the transcripts from those motions hearings are "completely erroneous in name, events and outcome and missing information." (Pl.'s Br. 3.)

In order to provide context for this ruling, the Court will briefly describe the procedural history of this matter. Hussein filed the Amended Complaint on August 5, 2009, asserting generally that the police, prosecutors and his landlords failed to protect him from the superintendent of his building, who allegedly attacked him on various occasions. After hearing oral argument on December 7, 2009, the Court granted the State of New Jersey and Governor Corzine's motion to dismiss the Amended Complaint. Subsequently, the Court held oral argument on March 1, 2010, on a motion to dismiss filed by two prosecutors, Lisa Ledoux and Edward J. DeFazio ("Prosecutor Defendants"). In an Opinion dated March 10, 2010, the Court granted the Prosecutor Defendants' motion, and because Hussein was proceeding in this Court <u>in forma pauperis</u> ("IFP"), the Court reviewed Hussein's claims against the remaining defendants, pursuant to 28 U.S.C. § 1915(e)(2), and determined that the Amended Complaint failed to state a claim against any of the named parties. Therefore, the Court dismissed the Amended Complaint in its entirety. Hussein submitted a notice of appeal on April 7, 2010, and his appeal is currently pending before the Court of Appeals for the Third Circuit.

A large portion of Hussein's submission in support of his motion to correct the transcripts can best be described as an attempt to reargue the facts alleged in his Amended Complaint and the voluminous exhibits incorporated therein. The Prosecutor Defendants submitted opposition to Hussein's present motion. They assert that Hussein appears to be moving for reconsideration of the March 10, 2010 Opinion, and present arguments as to why the Court should not reconsider its previous Opinion. The Court has no reason to construe Hussein's motion as a motion for reconsideration. First, a motion for reconsideration would be entirely untimely under the Local Rules, which require such a motion to be filed within fourteen days after the entry of the judgment on the original motion. L.Civ.R. 7.1(i). Additionally, and more importantly, the Court

does not have jurisdiction to reconsider a matter that is currently on appeal. "The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). For those reasons, the Court will not treat Hussein's motion as a motion for reconsideration. Rather, this motion, as its caption proclaims it to be, is a motion to make corrections to two transcripts.

As for that motion, the Court must deny it at this juncture. Pages seventeen to twenty-seven of Hussein's submission contain a recital of page numbers (corresponding to one or the other of the two transcripts, one cannot tell) for which Hussein seeks to present a corrected version. The Court cannot ascertain what Hussein considers incorrect in the transcripts and what he believes the corrections should be because the pages of the pertinent transcripts are not included in the motion. Since it is impossible to ascertain from the material what corrections Hussein seeks to make, the motion must be denied. In any case, if Hussein believes that the court reporter failed to understand the testimony, he can present that argument if at any time he is confronted with that testimony.

For the foregoing reasons, Hussein's motion to correct the transcripts of December 7, 2009, and March 1, 2010, is denied. The Court will enter an order implementing this opinion.

    s/ Dickinson R. Debevoise_____
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: July 19, 2010